```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICROSOFT CORPORATION,
                        Plaintiff(s),
                                                              REPORT AND
                                                              RECOMMENDATION
         -against-
                                                              CV 06-5028 (ADS)(WDW)
UNET WORLDWIDE, INC., and
DUANYUE HE,
                        Defendant(s).
------------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court is a motion by the plaintiff, Microsoft Corporation, pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rules 37.1 and 37.3, for an order striking defendants' answer and entering a default against them. DE[22]. The motion is unopposed. Because the undersigned believes that the drastic, dispositive relief sought is warranted, the recommendation of that relief is made in the format of a Report and Recommendation rather than an order.

## BACKGROUND

The history of the defendants' failures to meet their discovery obligations is set forth in the plaintiff's letter motion and is reflected on the docket. A scheduling order was entered in December 2006. DE[8]. In May 2006, the plaintiff made a motion to compel, stating that the defendants had served no initial disclosures, and that the defendants' limited responses to interrogatories were served nearly two months late and consisted almost entirely of objections, with answers to only three of 21 questions. *Id.* Further, the defendants had produced no documents at all in response to the plaintiff's formal document demands, but did produce a few documents as part of "informal discovery," as defense counsel referred to it. *Id.* n.1. DE[10]. The motion was unopposed, and was granted by the undersigned by order dated June 7, 2007,

with a warning to the defendants that if they had not yet served their own fact discovery demands, they must do so by June 21, 2007, and were further warned that if they did not fulfill their discovery obligations, they risked entry of a default judgment. DE[11].

The defendants subsequently requested an extension of the deadlines set forth in the June 7th order DE[13], and that request was granted, giving the defendants until August 21, 2007 to fulfill their discovery obligations, and adjourning the planned status conference until 7/23/07. At the conference on that date, defense counsel stated that defendant Duanyue He was in China for an indefinite period tending to a sick relative, and she requested an additional extension of the discovery deadlines. An order was entered requiring that all discovery be completed by November 30, 2007. The defendants were warned that if they failed to comply with all discovery obligations by November 30, 2007, they would be precluded from offering any evidence in the trial of this matter. DE[15].

On September 4, 2007, the plaintiff made a motion to compel the defendants to appear for their depositions no later than September 14, 2007, stating that they had noticed the depositions of Mr. He, both as an individual defendant and as the corporate defendant's 30(b)(6) witness, two times, to no avail. DE[20]. In the alternative, Microsoft asked the court to extend the deadline for dispositive motions, so that the depositions could be completed before that deadline passed. The court declined to order the depositions by September 14, inasmuch as Mr. He was still in China, but instead adopted new deadlines that the plaintiff had earlier proposed, but retaining the November 30th deadline for all discovery. See DE[19]. The parties were warned that there would be no further extensions. The instant motion followed.

In the motion now before the court, the plaintiff states that it noticed the defendants'

depositions for a third time, for October 22, and had again asked the defendants to produce the initial disclosures and discovery responses that the undersigned had ordered back in June. In the event that October 22 was inconvenient, Microsoft offered to hold the depositions on another date prior to November 16. In response, Microsoft states, defense counsel reported that "defendant Duanyue He is in China and will not be returning, citing ambiguous immigration issues." DE[21] at 2. Defendants also declined to provide an alternate 30(b)(6) witness for Unet and still have not complied with the order to provide initial disclosures and complete responses to Microsoft's discovery demands. *Id.*

## DISCUSSION

Federal Rule 37(d) provides for sanctions for a party's failure to provide for his or its deposition, failure to provide interrogatory responses, and failure to respond to requests for documents pursuant to Rule 34, even in the absence of a prior court order. Here, the defendants have failed on all three grounds. Under Rule 37(c), sanctions may be imposed for a party's failure to provide initial disclosures, another of the defendants' failures. Under either provision of the Rule, the possible sanctions include an order striking the offending party's pleadings or an order entering a default judgment. See Rule 37(b)(2)(C). The plaintiff argues that such sanctions are even more appropriate where, as here, the offending party has failed to comply with a discovery order. DE[22] at 2-3 (citing *U.S. Freight Co. v. Penn Cent. Transp. Co.,* 716 F.2d 954, 954-5 (2d Cir. 1983)).

The defendants' failure to provide any meaningful discovery in this case is established, and is exacerbated by defense counsel's alleged report, unchallenged by opposition to this motion, that Mr. He will not be returning from China to fulfill his discovery obligations at any

definite time. Moreover, the defendants were repeatedly warned of the possibility of dire results for their continued failures. Under these circumstances, the drastic remedy of striking the answer and entering a default is warranted. Thus, the undersigned recommends that the defendants' answers be stricken and a default entered against them.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York  
November 20, 2007

 s/ William D. Wall  
WILLIAM D. WALL  
United States Magistrate Judge