UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICROSOFT CORPORATION,

                              Plaintiff(s),

                                                            **REPORT AND**
                                                            **RECOMMENDATION**

                  -against-
                                                            CV 06-5028 (ADS)(WDW)

UNET WORLDWIDE, INC., and
DUANYUE HE,
                              Defendant(s).
-----------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

        The undersigned issued an earlier Report and Recommendation in this case,

recommending that the defendants' answers be stricken and default judgments entered against

them.  DE[23].  That R&R was adopted by District Judge Spatt, by order directing that the Clerk

of the Court enter a default judgment and referring the matter back to me for a determination of

damages, including attorney's fees.  DE[24].  The next day, the plaintiffs filed a Motion for

Default Judgment, with proposed orders.  DE[25]   That motion was referred by Judge Spatt to

me as well.  DE[32].

        The description of the plaintiff's motion is semantically misleading.  Microsoft is not

really moving for another default judgment, inasmuch as one has already been recommended and

granted, although not entered on the docket.  The motion now before me is one for specific

damages in conjunction with that default judgment, including monetary damages, attorney's fees

and costs and entry of a permanent injunction.  The motion is unopposed.  For the reasons set

forth herein, the undersigned recommends that the default judgment be entered on the docket,

that the plaintiffs be awarded $600,000 in damages pursuant to the Lanham Act along with

$13,301.37 in attorney's fees and costs, and that the proposed permanent injunction be adopted

and so ordered.

## BACKGROUND

The procedural background of this action is set forth in the earlier R&R. DE[23]. *See also* DE [26] at 2-4; DE [27]. The Complaint (DE[1]) sets forth the factual background relevant to this motion. Microsoft alleges that both Duanyue (David) He individually and Unet Worldwide, Inc., the company of which He was an officer, manager, shareholder and/or director, infringed Microsoft's copyrights and trademarks and engaged in unfair competition. The specific eight copyrights allegedly infringed are set forth in the Complaint in the Wherefore Clause at ¶1(a) and the seven trademarks allegedly infringed are set forth at ¶1(b). Microsoft alleges that the copyrights and trademarks are all federally registered, and further alleges that He was in control of Unet and derived direct financial benefit from it. Compl., Wherefore Clause at pp. 14-15; ¶3.

## DISCUSSION

As noted, a default judgment has already been granted in this action, against both defendants, Unet and He. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

The plaintiff argues that the facts alleged in its complaint establish its claims for copyright infringement, trademark infringement, violation of the Lanham Act by false designation of the origin of the software, and unfair competition. It also alleges that the defendants willfully infringed Microsoft's copyrights and trademarks pursuant to 17 U.S.C. §501, et seq. and 15 U.S.C. §1114 by distributing counterfeit and infringing copies of Microsoft software after being told by Microsoft that their actions were unlawful. DE[26] at 5 (citing *Microsoft Corp. v. Sellers,* 411 F. Supp. 2d 913, 918-19 (E.D. Tenn. 2006)). The plaintiff further argues that the continued distributions also constituted false designation of origin, false description, and false representation that the infringing copies of software were made by, or sponsored, approved, or authorized by Microsoft, in violation of 15 U.S.C. §1125(a). Finally, the plaintiff asserts, the defendants' infringing acts constitute unfair competition under New York common law. *Id.* at 6 (citing *Tri-Star Pictures, Inc. v. Unger,* 14 F. Supp. 2d 339, 363-64 (S.D.N.Y. 1998); *Baker v. Parris,* 777 F. Supp. 299, 304 (S.D.N.Y. 1991)). Thus, the plaintiff concludes, default having been granted as a sanction and the factual allegations having been deemed true, the court should enter judgment on all of Microsoft's claims. The court agrees, and recommends that judgment be entered as follows:

**A.) Defendant He's Individual Liability**:

Microsoft argues that "[a]n individual who actively participates in infringement cannot hide behind a corporate shield and is personally liable for all infringing acts which he has committed." DE[26] at 6 (citing *Bambu Sales, Inc. v. Sultana Crackers, Inc.,* 683 F. Supp. 899, 913 (E.D.N.Y. 1988)). While a corporate officer is not necessarily individually liable for torts

committed on behalf of the corporation, "personal liability for trademark infringement and unfair competition is established if the officer is a 'moving, active, conscious force behind [the defendant corporation's] infringement.'" *Bambu Sales,* 683 F. Supp. at 913 (quoting *Polo Fashions v. Branded Apparel Merchandise,* 5[9]2 F. Supp. 648 (D. Mass. 1984) (internal quotation marks omitted)). Further, in determining whether the officer's acts render him individually liable, it is "'immaterial whether . . . [he] knows that his acts will result in an infringement.'" *Id.* at 914 (quoting *Polo*, 592 F. Supp. at 652-53) (additional citations omitted)). Here, the complaint alleges that He individually participated in the wrongful conduct (see Compl. ¶3), and that he continued to distribute the infringing goods even after receiving a warning letter advising him of the wrongfulness of his acts. Comp. ¶¶12-13. Thus, He is directly liable on the claims of trademark infringement and unfair competition.

The plaintiff argues that He is also vicariously liable for copyright infringement, on the theory that a party is vicariously liable for another's infringing conduct where he has the right and ability to supervise the infringing activity and has a direct financial interest in such activity. *See* DE[26] at 6 (citing *Banff, Ltd. v. Limited, Inc.,* 869 F. Supp. 1103, 1107 (S.D.N.Y. 1994)). As an officer, owner and director of defendant Unet, Microsoft argues, defendant He could have supervised the infringing activity and had a direct financial interest in it, and he is thus personally liable for Unet's copyright infringing activity as well as his own. The case relied on by Microsoft, *Banff*, involves the vicarious liability of a parent corporation for its subsidiary's infringement and does not comment on an individual officer's liability for his corporation's infringement. The case does note that the Supreme Court has held that both the Copyright Act and the Lanham Act "allow for the imposition of liability upon parties other than those who

directly commit the wrongful act." *See Banff*, 869 F. Supp. at 1106 (citing *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844 (1982) (additional citations omitted)).

      *Banff* discusses *Shapiro, Bernstein & Co. v. H.L. Green Co.,* 316 F.2d 304 (2d Cir. 1963) as the "lead case on vicarious copyright infringement." 869 F. Supp. at 1107. In *Shapiro*, the Second Circuit found a corporate store owner, who had leased part of its premises to a record seller who sold infringing products, vicariously liable for the record seller's infringement, concluding that when "the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials - even in the absence of actual knowledge that the copyright monopoly is being impaired . . . the purposes of copyright law may be best effectuated by the imposition of liability upon the beneficiary of that exploitation." 316 F.2d at 307. *Shapiro,* like *Banff,* involved a determination of whether a parent corporation can be vicariously liable for its subsidiary's infringing acts.

      A more recent Second Circuit case, also involving corporate liability, has broad language that can be applied to He to establish his individual liability for the copyright infringement. "All persons and corporations who participate in, exercise control over, or benefit from the infringement are jointly and severally liable as copyright infringers." *Sygma Photo News, Inc. v. High Society Magazine, Inc.,* 778 F.2d 89, 92 (2d Cir. 1985) (citing *Shapiro,* 316 F.2d at 308-09; 3 M. Nimmer, *Nimmer on Copyright* §12.04[A] at 12-34 (1985)). The allegations in the complaint, established by the default, demonstrate that He had actual control over and benefit from Unet's copyright infringing activity and he is thus vicariously liable on that ground.

      The standards for third party liability in copyright law and trademark law differ (*see Banff,* 869 F. Supp. at 1106-07 (citing *Sony Corp. v. Universal City Studios, Inc.,* 464 U.S. 417,

439 n.19 (1984)), and Microsoft also argues that He is liable for trademark infringement on a theory of contributory infringement as well as on the theory of direct liability. *See* DE[26] at 7. "[T]he doctrine of contributory infringement has developed as a judicial gloss on the infringement provision of the Lanham Act. Under this doctrine, a defendant is liable for infringement of plaintiff's registered mark if defendant knowingly 'supplied the ammunition' that allowed the wrongful user to complete the infringement." *Power Test Petroleum Distribs., Inc. v. Manhattan & Queens Fuel Corp.,* 556 F. Supp. 392, 394 (E.D.N.Y. 1982) (quoting *Stix Products, Inc. v. United Merchants & Mfrs, Inc.,* 295 F. Supp. 479, 496 (S.D.N.Y. 1968)). Relying on *Power Test*, Microsoft argues that an individual is contributorily liable for trademark infringement if he knew or had reason to know of such infringement and that under the Lanham Act, willful blindness is equivalent to actual knowledge. *See Power Test,* 556 F. Supp. at 394-95. As Unet's owner, officer and director, the plaintiff argues, He had reason to know of the infringement or was willfully blind to it, and is thus contributorily liable for Unet's trademark infringement. As in *Banff,* the reasoning in *Power Test* centers on corporate relationships, not the liability of an officer or director. Application of that general reasoning to He would result in a finding that he is contributorily liable, but the court need not reach that conclusion pursuant to *Power Test*, because He's liability for direct trademark infringement and unfair competition is already established by the reasoning in *Bambu* sales, discussed *supra*.

He is thus individually liable under the Lanham Act, the Copyright Act and New York's common law of unfair competition.

**B.) Statutory Damages For Trademark and Copyright Infringement:**

Microsoft seeks statutory, rather than actual, damages based on the defendants'

trademark and copyright infringement. The Lanham Act provides that in a case involving the use of a counterfeit mark in connection with the sale or distribution of goods, the plaintiff may elect to recover, at any time before judgment is entered, instead of actual damages and profits under subsection (a) of 15 U.S.C. §1117, an award of statutory damages in the amount of "not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold," or, if the court finds that the use of the counterfeit mark was willful, "not more than $1,000,000 per counterfeit mark per type of goods or services sold . . . as the court considers just." 15 U.S.C. §1117(c).

Courts have noted that the Lanham Act "'does not provide guidelines for courts to use in determining an appropriate award' . . . as it is only limited by what 'the court considers just.'" *Gucci America, Inc. v. Duty Free Apparel, Ltd.,* 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004) (internal citations omitted). For guidance, courts have looked to an analogous provision of the Copyright Act, 17 U.S.C. §504(c), which also provides statutory damages for up to $30,000 per copyright violation, whether willful or not, and enhanced damages up to $150,000 per copyright for willful infringement. Under the Copyright Act, courts look to such factors as "(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant." *Id.* (internal quotation marks and citations omitted). "To the extent possible, statutory damages 'should be woven out of the same bolt of cloth as actual damages.'" *Id.* (quoting 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* §14.04[E][1], at 14-69 (2003)).

The plaintiff notes that statutory damages under these Acts are "especially fitting in default judgment cases due to infringer nondisclosure," and the court agrees. *See* DE[26] at 8 (citing *Sara Lee Corp. v. Bags of N.Y., Inc.,* 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999) (additional citations omitted)). The question arises, however, as to whether the plaintiff is entitled to statutory damages under both Acts, or only one of them. The plaintiff argues that it is entitled to recovery of statutory damages under both the Copyright and Lanham Acts where the defendants have infringed both its trademarks and copyrights. DE[26] at 9 (citing *Microsoft Corp. v. Tierra Computer, Inc.,* 184 F. Supp. 2d 1329, 1331 (N.D. Ga. 2001); *Microsoft Corp. v. McGee,* 490 F. Supp. 2d 874, 881-82 (S.D. Ohio 2007)). This court, however, has come to a different conclusion in an earlier Microsoft case, *Island Software & Computer Service, Inc. v. Microsoft Corporation,* CV 01-0750 (E.D.N.Y. 2001) (WDW). In an unpublished opinion, the undersigned concluded that statutory damages under both the Copyright and Lanham Acts were not available to the defendant/counter-claimant, Microsoft.[1]

Microsoft is correct in stating that some successful claimants have been awarded damages under both statutes when the defendant has infringed both the claimant's copyrights and its trademarks. In *Nintendo of America, Inc. v. Dragon Pacific Int'l,* 40 F.3d 1007, 1011 (9th Cir. 1994), the plaintiff was awarded actual damages under the Lanham Act and statutory damages

---

[1]The decision was the subject of a motion for reconsideration by Microsoft, and was appealed by the plaintiff, Island Software, to the Second Circuit on other grounds. The Second Circuit remanded, holding that the finding of willfulness in a summary judgment context was inappropriate on the record before it. *See Island Software & Computer Service, Inc. v. Microsoft Corp.,* 413 F.3d 257 (2d Cir. 2005). This court issued a later decision on damages (2006 U.S. Dist. LEXIS 18981 (E.D.N.Y. Apr. 13, 2006)), but the issue of the availability of statutory damages under both Acts was not appealed to nor addressed by the Circuit, nor vacated by this court on Microsoft's motion for reconsideration.

under the Copyright Act. In allowing that award, the court found that when a defendant violates

both the Copyright Act and the Lanham Act, he commits "one act" but "two wrongs," and, to

"effectuate the purposes of both statutes, damages may be awarded under both."[2] 40 F.3d at

1011. The court found, in this regard, that the purpose of actual damages under both Acts is to

compensate the plaintiff and to prevent unjust enrichment, not to impose a penalty on the

defendant, while the purpose of statutory damages, while not always clear, may be intended to

penalize or deter. *Id.* The *Nintendo* court did not, however, hold that statutory damages could be

awarded under both Acts. It held, instead, that an "award of both <u>types</u> of damages [i.e., actual

and statutory] is appropriate." *Id.* (emphasis added). Thus, Microsoft's claim that "a successful

plaintiff is entitled to recover a separate award of <u>statutory damages</u> " under both statutes is not

supported by the holding in *Nintendo. See* DE[26] at 9 (emphasis added). Nor is such an award

permissible under the circumstances of this case pursuant to the rules governing double recovery

in this Circuit.

---

[2]The court notes that the *Nintendo* award of different types of damages under the two Acts has not been universally followed. *See, e.g., Murray v. Shaw Indus., Inc.*, 990 F. Supp. 46, 47 (D. Mass. 1997) (holding that distinction between statutory damages under Copyright Act and actual damages under Lanham Act did not justify separate awards where plaintiff failed to demonstrate distinct harms from the two infringements); *Manufacturers Techs., Inc. v. Cams, Inc.,* 728 F. Supp. 75 (D. Conn. 1989) ( separate awards under Lanham and Copyright Acts improper in absence of distinct injuries); *accord,* Sheri A. Byrne, Note, *Nintendo of America, Inc. v. Dragon Pacific International: Double Trouble – When Do Awards of Both Copyright and Trademark Damages Constitute Double Recovery?*, 31 U.S.F. L. Rev. 257, 276-81 (1996). The *Nintendo* court recognized that granting actual damages under both acts is impermissible, and, in granting the dual recovery of lost profits trademark damages and statutory copyright damages, *Nintendo* distinguished *Manufacturers Technologies*, finding that case "distinguishable on the grounds that the [*Manufacturers Technologies*] plaintiff sought the same type of damages under both acts," as opposed to the *Nintendo* plaintiff, who sought two different types of damages. 40 F.3d at 1011, n.1.

The Second Circuit "has repeatedly held that even if a plaintiff prevails on separate legal claims, each of which may be said to protect different if related interests, he may not obtain full compensation twice for the same economic injury." *Lyons P'ship, LLP v. AAA Entm't, Inc.,* 1999 U.S. Dist. LEXIS 18996, at *30 (S.D.N.Y. 1999)(citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 720 (2d Cir. 1992)(separate awards for same economic loss on claims for copyright infringement and trade secret violation are impermissible)). The court in *Lyons,* while recognizing the bar to double economic recovery in this Circuit, held that the plaintiff could recover damages under both Acts because profits awarded under the trademark statute constitute compensation, not a penalty, while statutory damages awarded under the Copyright Act are designed to serve a variety of purposes other than compensation, including deterrence and punishment. *Id.* at *30-31.

Some courts in this Circuit have also allowed an award of one type of damages from each of the two statutes. *See, e.g., Viacom Int'l, Inc. v. Fanzine Int'l, Inc.,* 2001 U.S. Dist. LEXIS 11925, at *15-17 (S.D.N.Y. Aug. 15, 2001)(holding that plaintiff may recover damages under both Acts if the copyright damages serve a purpose other than compensation, and awarding statutory damages under Copyright Act and disgorgement of defendant's profits under the Lanham Act); *see also Brown v. Party Poopers, Inc.,* 2001 U.S. Dist. LEXIS 11425, at *13-16 (S.D.N.Y. May 15, 2001), *adopted,* 2001 U.S. Dist. LEXIS 9246 (S.D.N.Y. July 6, 2001). And, at least one court in this Circuit and several courts in other jurisdictions have awarded Microsoft the damages it seeks herein - statutory damages under both Acts. *See Microsoft Corp. v. Black Cat Computer Wholesale, Inc.,* 269 F. Supp. 2d 118 (W.D.N.Y. 2002)(awarding statutory damages under both Acts in reliance on *Nintendo*); *see also Microsoft v. Logical Choice*

*Computers, Inc.,* 2001 U.S. Dist. LEXIS 479, at * 36 (N.D. Ill. Jan. 19, 2001) (same) and

*Microsoft Corp. v. Compusource Distribs., Inc.,* 115 F. Supp. 2d 800, 811 (E.D. Mich. 2000)

(same); *and see Tierra Computer, Inc.,* 184 F. Supp. 2d at 1331(extending reasoning in *Nintendo*

to award of statutory damages under both Acts). Because the undersigned does not agree that the

principles underlying the dual award in *Nintendo* can be applied to the recovery of double

statutory damages under the facts of this case and the law in this Circuit, and the plaintiff has not

cited to any Second Circuit decision supporting such an award, it declines to recommend such an

award.

As the Second Circuit held in *Computer Associates,* where the damages for separate

injuries are coextensive, a separate award for both violations would be a double recovery. 982

F.2d at 720 (where damages for copyright infringement and trade secret misappropriation are

coextensive, only copyright damages allowed). Here, Microsoft has offered no evidence to show

that it suffered distinct injuries under the two statutes. This court finds that the economic loss

suffered by Microsoft under the two theories of liability on which Microsoft has prevailed is

coextensive, and that dual awards of statutory damages under both the Copyright and Lanham

Acts would constitute an impermissible double recovery.

Microsoft seeks the maximum amount of statutory damages available for non-willful

infringement, although the default establishes the willfulness of both defendants. DE[26] at 9-

10. Specifically, Microsoft seeks statutory damages of $100,000 for each of six[3] trademarks at

issue and $30,000 for eight copyrights at issue, for a total of $840,000. A noted earlier, the court

---

[3]Microsoft explains that although the Complaint alleges infringement of seven
trademarks, it is seeking damages only once and not twice for the mark "MICROSOFT," which
is registered under two different classifications of goods. DE[26] at 10 n.3.

will not award both, but will instead recommend an award of the maximum damages under the Lanham Act, totaling $600,000.

### C.) Permanent Injunction:

Microsoft also seeks a permanent injunction to prevent future infringement of its copyrights and trademarks. Both the Copyright and Lanham Acts allow the issuance of permanent injunctions to prevent future violations. *See* 17 U.S.C. §502(a); 15 U.S.C. §1116. Here, an intention to engage in future violations can be inferred from the defendants' past acts, but even without such an inference, where there has been a finding of willful infringement, a plaintiff need not introduce evidence of a threat of future violation in order to obtain injunctive relief. *See Polo Fashions, Inc. v. Dick Bruhn, Inc.,* 793 F.2d 1132, 1135-36 (9th Cir. 1986); *Vuitton et Fils, S.A. v. Crown Handbags,* 492 F. Supp. 1071, 1077 (S.D.N.Y. 1979). As the court in *Polo* observed, "[i]f the defendants sincerely intend not to infringe, the injunction harms them little; if they do, it gives [the plaintiff] substantial protection of its trademark." 793 F.2d at 1135-36. Injunctive relief should be "narrowly tailored to fit specific legal violations," but a court can "frame an injunction which will keep a proven infringer safely away from the perimeter of future infringement." *Gucci America*, 315 F. Supp. 2d at 523.

Here, the court finds that the plaintiff is entitled to entry of a permanent injunction. The court has reviewed the proposed permanent injunction submitted by Microsoft with the motion papers (DE[25]), and finds that it is sufficiently narrowly tailored to fit any likely future violation that the defendants might contemplate. The court thus recommends that it be adopted and So Ordered.

**D.) Attorney's Fees and Costs:**

Microsoft also seeks an award of reasonable attorney's fees and costs under the Copyright and/or Lanham Acts, both of which allow such award, although on different grounds. *See* 17 U.S.C. §505; 15 U.S.C. §1117(a). The Copyright Act authorizes an award of costs and fees to the prevailing party at the court's discretion (*see Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994)), and the undersigned finds that such an award is warranted here. The plaintiff has submitted a declaration in support of the request and the court finds that it supports an award of $12,742.50 in fees and costs in the amount of $558.87, for a total of $13,301.37. *See* Doyle Decl., DE[27] at ¶¶6-9.

## CONCLUSION

For the reasons set forth *supra*, the undersigned recommends that the Court award Microsoft entry of a default judgment, with statutory damages in the amount of $600,000 pursuant to the Lanham Act, attorney's fees in the amount of $12,742,50, and costs in the amount of $558.87. The undersigned further recommends that the proposed permanent injunction submitted by Microsoft be adopted and So Ordered.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
     April 8, 2008

                         s/ William D. Wall
                        WILLIAM D. WALL
                        United States Magistrate Judge